In the Matter of Nathaniel JOHNSON, Individually and doing business as Johnson's Pharmacy, Bankrupt.

John NEEDLES et al., Appellants,

v.

Nathaniel JOHNSON, Individually and doing business as Johnson's Pharmacy,

and

Francis O. Drummond, Trustee,
Appellees.

No. 71–1309.

United States Court of Appeals,
Ninth Circuit.

May 23, 1973.

---

48

Sandor T. Boxer (argued), Hal L. Coskey, G. Merle Bergman of Coskey & Coskey, Los Angeles, Cal., for appellants.

Hubert F. Laugharn (argued), Robert A. Fisher of Craig, Weller & Laugharn, Weinstein, Saltz & Ruffner, Los Angeles, Cal., for appellees.

Before ELY and HUFSTEDLER, Circuit Judges, and TURRENTINE, District Judge.*

OPINION

PER CURIAM.

This appeal raises the question of whether a claim for attorneys' fees was properly disallowed. The attorneys represented a creditors' committee. The proceedings originated under Chapter XI of the Bankruptcy Act, but when an Amended Plan of Arrangement presented by the debtor was eventually disapproved, the Chapter XI proceedings were dismissed and the debtor was adjudicated a bankrupt. The attorneys for the creditors' committee then sought fees, for their services to the committee, in the amount of $2135. The claim was disallowed by the Referee, the Referee's Order in that respect was upheld by the District Court, and this appeal followed. We affirm.

Section 339(2) of the Bankruptcy Act, 11 U.S.C. § 739, provides for allowance of fees to attorneys for a creditors' committee in chapter proceedings, but the statute contains the explicit provision that such fees are allowable if, and only if, "the arrangement is confirmed." As we have hitherto recited, the propos-

---

* Honorable Howard B. Turrentine, United States District Judge, San Diego, California, sitting by designation.

ed Chapter XI arrangement was not confirmed; hence, the Referee had no choice, under section 339(2), save to reject the fee application.

■ The appellants contend that the proviso of section 339(2) is unconstitutional, since, according to them, it provides for the taking of property without compensation and establishes an arbitrary classification. They also urge that the proviso penalizes the exercise of the free speech right established by the First Amendment. In our opinion, this second argument, while ingenious, has no merit whatsoever. We reject the first argument on our conclusion that the Congress adopted a perfectly reasonable and rational basis in providing that fees to the attorneys for creditors' committees shall be allowed from the estate of a debtor in chapter proceedings only in cases wherein plans of arrangement are confirmed.

The appellants also rely upon section 64(a) of the Bankruptcy Act, 11 U.S.C. § 104. Assuming arguendo as urged by the appellants, that the statute allows attorneys fees such as those here claimed when "the confirmation of an arrangement . . . has been refused . . . upon the objection and through the efforts and at the cost and expense of . . . ." a creditors' committee, one of the Referee's findings undercuts the validity of the appellant's reliance upon the section. The Referee found, *inter alia*, that "[a]t no time did the creditor's committee object to the arrangement . . . ." and "[t]his court therefore concluded that the creditors' committee through its attorneys had performed no act which caused the confirmation of the arrangement to be refused."

■ The Referee's quoted finding and conclusion are, essentially determinations of fact. They were upheld by the District Court, and since they are supported by substantial evidence, we are in no position to disturb them.

Affirmed.